IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2006 SEP 26  P 1: 57

James Clarence Hughes, III,　）　　C. A. No. 2:06-0336-CMC-RSC
#291383,　　　　　　　　　　　）
　　　　　　　　　　　　　　　　）
　　　　　　Petitioner,　　　　）
　　　　　　　　　　　　　　　　）
　　　　　-versus-　　　　　　 ）　　**REPORT AND RECOMMENDATION**
　　　　　　　　　　　　　　　　）
State of South Carolina; and　）
Henry McMaster, Attorney　　　 ）
General for South Carolina;　 ）
and, Warden, Ridgeland　　　　 ）
Correctional Institution,　　 ）
　　　　　　　　　　　　　　　　）
　　　　　　Respondents.　　　 ）

This habeas corpus petition under 28 U.S.C. § 2254 filed February 2, 2006, by a state prisoner proceeding *pro se* is before the undersigned United States Magistrate Judge for a report and recommendation on the parties' cross motions for summary judgment.   28 U.S.C. § 636(b).

## PROCEDURAL HISTORY

The Petitioner, James Clarence Hughes, III, is currently incarcerated in the Ridgeland Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court of Greenville County. Petitioner was indicted in December 2002 for criminal sexual conduct with a minor, second degree.   (2002-GS-23-6527)(App. pp. 110-111).   James W. Bannister, Esquire, represented Petitioner on the charge.   On March 6, 2003, Petitioner pleaded guilty to the charge.   The Honorable Edward W. Miller, heard and accepted the

1

plea and sentenced Petitioner to eight (8) years imprisonment. (App. p. 39). Petitioner did not appeal his plea or sentence.

On April 30, 2003, Petitioner filed a <u>pro se</u> application for post-conviction relief ("PCR"), in which he raised the following claims:

> "(a) Ineffective Counselling;
>
> (b) Length of Sentence Due to first time offence;
>
> (c) Cohersed [sic] into admitting guilt;
>
> (d) I was Seeing a Psychotherapist named Dr. Karl Bodtorf whom was recommended by the public defender and D.S.S." (sic).

2003-CP-2934. (App. p. 3 and Supplemental Page).

Thomas J. Quinn, Esquire, represented Petitioner in his PCR action. On June 12, 2003, Petitioner, through counsel, amended the application to include the following claims:

> "(1) Ineffective Assistance of Counsel. Violation of Applicants 6th and 14th Amendment of the United States Constitution. Trial Counsel was ineffective in failing to motion for Defendant was "criminally Responsable" or had some mental condition that would have altered his ability to act in the matter, that was in violation of Laws. Further Applications's Trial Attorney and the trial court was made aware that Defendant have had seen a psychotherapist "Dr. Karl Bodtorf." And amy be suffering some mental complications that the extent was inconclussively refuted due to the trial Attorney's Performance and not motioning court for mental evaluation;
>
> (2) Involuntary Plea due to Ineffective Assistance... after several request[s] to his attorney to make available discovery material, disclosure of evidence was never made available upon such request;

2

> (3)  That the Defendant's trial counsel was
> ineffective in failing to file proper pleadings to
> challenge the voluntariness of his confession that
> defendant claims his confessing was from coersion
> and not understanding his maranda warnings;
>
> (4)  Defendant's counsel failed to prepair
> Defendant and [a defense i.e. ] insanity, ... If
> nothing more than to hold the State to its strick
> [sic] burden to prove Defendant's guilt beyond a
> reasonable doubt... Attorney failed to challenge
> confession...plea was not knowingly and
> voluntarily, intelligently made." (sic).

(App. pp. 48-55).

On July 2, 2003, the state made its return to the

application.  (App. pp. 60-63).  On August 28, 2003, Petitioner,

through counsel, made a third, and final, amendment to the

petition, and raised the following claims:

> "1)  My attorney did render me ineffective
> assistance of counsel for several reasons.  The
> most prejudicial came from the failure to the plea
> counsel to motion the honorable court to have
> competency hearing scheduled.  Instead, the plea
> counsel assumed that the defendant had some degree
> of mental problems before the commencement of the
> plea for the plea counsel made statements and read
> parts of the disposition from Dr. Karl Bodtork a
> psychotherapist that the plea counsel had
> recommended defendant to shortly after
> interviewing the defendant.  Plea counsel should
> have motioned the court for competency
> examination;
>
> 2)   The plea counsel failed to make sure
> defendant's statements were given voluntarily and
> not through acts of coercion or factual advantage
> used in order to obtain defendant's statements.
> Also, the so called polygraph test was never
> mentioned on record, but could have been used as
> an act of threat and coercion;

3)    Defendant will also assert that the
Indictment was in violation of the time
limitation. Also, there was some possible
question about the witnesses named in the
Indictment;

4)    Defendant did enter his plea involuntarily
because he was not understanding the elements of
the charge before such time he plead guilty;

5)    Also, the plea counsel failed to object to
the trial Judge to taking Mr. Hughes plea along
with several other inmates.  The trial Judge did
not make aware to the defendant the minimum
maximum sentence CSC carries.  (See Pittman v.
State, SC 2d 624).  Entering a guilty plea results
in a waiver of constitutional rights.  Therefore,
the due process clause requires that the guilty
plea be entered into voluntarily, knowingly and
intelligently by the defendant.  (Boykin v.
Alabama, 395 US 238).  In addition to the
requirements of Boykin a defendant entering a
guilty plea must be aware of the nature and
crucial elements of the offense, the maximum and
any mandatory minimum penalty and the anture of
the Constitutional Rights being waived.  Mr.
Hughes was not in the understanding needed simply
because of his ineffective counsel.  His plea was
obtained in an unjust manner."

(App. pp. 58-59).

On December 2, 2003, an evidentiary hearing was held before
the Honorable J. Michael Baxley at which the Petitioner,
represented by counsel, and trial counsel testified.  The PCR
judge denied relief at the conclusion of the hearing, (App. pp.
99-101), and issued a written order of dismissal on January 27,
2004.  (App. pp. 104-109).

Robert M. Dudek, Assistant Appellate Defender of the South
Carolina Office of Appellate Defense, represented Petitioner in a

4

petition for a writ of certiorari from the denial of PCR.  Dudek

filed a <u>Johnson</u> petition on July 28, 2004, and presented the

following single question for consideration:

> Was defense counsel ineffective for not moving to
> suppress petitioner's confession where there was
> strong evidence his statement to the police was
> coerced by extreme intimidation and threats?

(<u>Johnson</u> Cert. Petition, p. 2).

Petitioner filed a *pro se* petition dated August 17, 2004,

which raised the following questions:

> "1. Did the lower court err finding and ruling
> Petitioner was not denied the actual effective
> assistance of Criminal Defense Counsel?
>
> 2. Whether the lower court err finding and ruling
> There was no due process violation?
>
> 3. Was it err for the "Order of Dismissal" not to
> address Petitioner's State Constitutional Claim?"
> (sic).

The Supreme Court of South Carolina denied the petition on

December 14, 2005, and issued the remittitur on December 30,

2005.

While the petition for a writ of certiorari from his first

PCR action was pending, Petitioner filed a second application for

PCR on March 1, 2004, and raised the following claim:

> "(a) Statute § 16-3-655(2) and its elements
> contradict each other and S.C. Constitution Art. 3
> § 33."

2004-CP-1376 (2004 PCR application, p. 3).

The state made its return on May 20, 2004, and moved to dismiss the application as an impermissible successive PCR application, pursuant to S. C. Code § 17-27-90 (2003).  On June 18, 2004, Petitioner filed an opposition to the state's motion to dismiss.  On June 16, 2004, the Honorable Larry R. Patterson dismissed the application as successive, based on the pleadings and record.

Aileen P. Clare, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented Petitioner on his second petition for a writ of certiorari in the Supreme Court of South Carolina from the denial of PCR.  Clare file a <u>Johnson</u> petition on November 18, 2004, and presented the following question:

> Did the lower court err by summarily dismissing Petitioner's PCR application as successive?

(<u>Johnson</u> Cert. Pet. (2004 Second PCR action (C/A 04-1376)) p. 2).

Petitioner filed a <u>pro se</u> petition dated December 14, 2004, in which he raised the above question and additionally argued that his guilty plea was involuntary.  The Supreme Court of South Carolina denied the petition on December 14, 2005, and issued the remittitur on December 30, 2005.

Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 2, 2006, and raised the following grounds for relief:

6

"Ground One:  Direct Appeal Violation, Violation of 14th Amendment Due Process Clause:

Supporting Facts:  Petitioner was denied his right to a criminal direct appeal where the trial judge and/or his criminal defense attorney failed to advise him of the right.  More, in the second application for post-conviction relief; he asserts the denial of the fundamental right and more or less request the belated criminal direct appeal because the record does not show where he waived his right at all.

Ground Two:  Denied the Actual Effective Assistance of Criminal Defense Attorney, Violation of 6th & 14th Amendments and Brady Rule:

Supporting Facts:  Petitioner's trial lawyer failed to investigate his case as a matter of law and/or fact.  The record does not show where trial counsel conducted an appropriate pre-trial discovery.  Trial counsel failed to investigate how the S.C. Criminal statute conflicts and contradicts the South Carolina Constitutional law. He further failed to investigate the facts; specifically, those facts which were raised by the alleged victim that petitioner had a co-defendant or accomplis.  He also failed to request a mental evaluation and failed also to challenge and/or investigate the voluntariness of petitioner's statement which is a direct violation of the 5th U.S. Constitutional Amendment.

Ground Three:  Denied Due Process of Law [violation of 14th U.S. Constitutional Amendment]:

Supporting Facts:  § 16-3-655(2) of the S.C. Code makes the age of 14 an essential element of the offense.  § 16-3-655(2) is in conflict and represents a contradiction of the S.C. Constitution - Article III. § 33.  Article III. § 33 of the S.C. Constitution creates a liberty interest for the petition to be free from unconstitutional punishment regarding the CSC 2d offense.

Ground Four:  Violation of Brady Rule.

7

> Supporting Facts: At no time at all, has
> this petitioner received the Brady Rule; A.K.A.
> Motion of Discovery/Rule 5 from on or about June
> 12, 2002; until the time as of the filing of this
> Writ of Habeas Corpus. This shows ineffective
> assistance of counsel and in violation of Brady
> Rule & violation of Due Process Clause of the 14th
> U.S. Constitutional Amendment." (sic).

(Habeas petition, pp. 6-11).

Finally, Petitioner brought a habeas corpus action in the South Carolina Supreme Court on May 31, 2006, in which he asserted that the indictment against him was defective, that the court had no subject matter jurisdiction over him because he did not plead guilty during a regular term of court, and that the grand jury should not have indicted him because the minor victim of the CSC did not testify before the grand jury. The South Carolina Supreme Court summarily dismissed the petition on June 21, 2006, "because petitioner has not shown that 'there has been a violation which, in the setting, constitutes a denial of fundamental fairness shocking to the universal sense of justice'" and citing Simpson v. State, 329 S.C. 43, 495 S.E.2d 429 (1998) (matter which is cognizable under Uniform Post-Conviction Procedure Act may not be raised by petition for writ of habeas corpus before the lower courts and the South Carolina Supreme Court retains ability, pursuant to State Constitution, to entertain writs of habeas corpus in its original jurisdiction and grant relief in those unusual instances where there has been

8

violation which, in setting, constitutes denial of fundamental fairness shocking to universal sense of justice).

The following exhibits have been made part of the record here:

(1)   PCR Appendix 2003 First PCR action (C/A 03-2934);

(2)   Attachment to 2003 First PCR petition (C/A 03-2934);

(3)   Johnson Petition for Writ of Certiorari (2003 First PCR action C/A 03-2934);

(4)   Pro se petition (2003 First PCR action(C/A 03-2934);

(5)   Order (denying petition in 2003 First PCR action C/A 03-2934);

(6)   Remittitur Letter (2003 First PCR action C/A 03-2934);

(7)   2004 Second Application for PCR (C/A 04-1376);

(8)   Return and Motion to Dismiss (2004 Second PCR action C/A 04-1376);

(9)   Memorandum in Opposition to Respondent's Return and Motion to Dismiss (2004 Second PCR action C/A 04-1376);

(10) June 16, 2004, order summarily dismissing successive petition (2004 Second PCR action C/A 04-1376);

(11) Johnson Petition for Writ of Certiorari (2004 Second PCR action C/A 04-1376);

(12) Pro se petition (2004 Second PCR action C/A 04-1376);

(13) Order (denying petition)(2004 Second PCR action C/A 04-1376);

9

        (14) Remittitur Letter (2004 Second PCR action C/A
        04-1376).

The Petitioner filed a motion for summary judgment on
April 26, 2006, which the Respondents opposed on May 15,
2006.  The Respondents filed a motion for summary judgment
on May 19, 2006.  On May 22, 2006, Petitioner was provided a
copy of the Respondent's summary judgment motion and was
given an explanation of dismissal and summary judgment
procedure as well as pertinent extracts from Rules 12 and 56
of the Federal Rules of Civil Procedure similar to that
required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir.
1975).  The Petitioner opposed the motion on June 12, 2006.
Hence it appears consideration of the motions is
appropriate.

### STANDARD OF REVIEW

The present habeas corpus petition was filed February
2, 2006.  Accordingly, the provisions of the Antiterrorism
and Effective Death Penalty Act ("AEDPA") apply to this
case.  Lindh v. Murphy, 117 S.Ct. 2059 (1997).  Under the
AEDPA, federal courts may not grant habeas corpus relief
unless the underlying state adjudication resulted in a
decision that was contrary to, or involved an unreasonable
application of clearly established federal law, as
determined by the Supreme Court of the United States; or
resulted in a decision that was based on an unreasonable

10

application of the facts in light of the evidence presented at the state court proceeding.   28 U.S.C. § 2254(d)(1)(2).

The first requirement has been explained by the United States Supreme Court in <u>Williams v. Taylor</u>, 120 S.Ct. 1495 (2000)(plurality opinion).  Writing for a plurality of the Court, Justice O'Connor held that,

> ... § 2254(d)(1) places a new constraint on the power of a federal habeas corpus court to grant a state habeas petitioner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1) the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that (1) 'was contrary to. . . clearly established federal law as determined by the Supreme Court of the United States,' or (2) 'involved an unreasonable application of . . . clearly established Federal law as determined by the Supreme Court of the United States.'

<u>Id.</u> at 1523 (O'Connor, J., concurring in judgment).

With respect to the "unreasonable application" clause, Justice O'Connor further explained that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  <u>Id</u>. at 1522.

Additionally, a determination of a factual issue made by a state court shall be presumed correct.  The Petitioner has the burden of rebutting the presumption of correctness by clear and

11

convincing evidence.    28 U.S.C. § 2254(e)(1). <u>See</u> <u>also</u>, <u>Fisher v.</u> <u>Lee</u>, 215 F.3d 438, 446 (4th Cir. 2000); <u>Frye v. Lee</u>, 235 F.3d 897, 900 (4th Cir. 2000).

In sum, the AEDPA amendments exalt the role that a state court's decision plays in a habeas decision by specifically directing the federal court to make the state court decision the starting point of federal review; only if that decision deviates from the paradigm recited in § 2254(d) can a habeas court grant relief.    A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly.

**<u>EXHAUSTION AND PROCEDURAL BAR</u>**

The exhaustion requirement set forth in 28 U.S.C. § 2254(b)[1], requires that "a habeas petitioner must fairly present

---

[1] The statute states in relevant part:
(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B)(I) there is an absence of available State corrective process; or
    (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
    (2)  An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
    (3)  A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives

his claim to the state's highest court." Baldwin V. Reese, 124 S. Ct 1347, 158 L.Ed.2d 64 (2004). The petitioner bears the burden of proving a ground for habeas relief has been exhausted because the exhaustion requirement, although not jurisdictional, is strictly enforced. Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), cert. denied, 118 S.Ct. 102 (1997).

However, when a petitioner has no further way to exhaust his unexhausted claims, he is not required to attempt to do so; his claims are deemed technically exhausted for habeas purposes. Matthews v. Evatt, 105 F. 3d 907 (4th Cir. 1997).

Although the claims are technically exhausted, they are nonetheless unreviewable here on the merits because an adequate and independent state law ground, state procedural bypass, is sufficient to uphold the petitioner's convictions. Harris v. Reed, 489 U.S. 255 (1989); Coleman v. Thompson, 501 U.S. 722, 735 (1991). Additionally if a petitioner fails to present a ground for decision, so the state court has nothing upon which to rule, that is a default barring review on the merits here as well. Coleman 501 U.S. at 735; Teague v. Lane, 489 U.S. 288 at 299 (1989). In other words, where the state court has not had the

---

the requirement.
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)(1)—(3),(c).

opportunity to apply its own procedural bar, the federal court will nevertheless bar the claim where application of the bar is clear.  Teague, 489 U.S. at 297-98; Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990).

Nonetheless, a petitioner may overcome the default by showing cause for the default and prejudice therefrom, or actual innocence.  See, e.g., Harris v. Reed, 489 U.S. 255 (1989).

### DISCUSSION

A review of the record and relevant case law indicates that the Petitioner is not entitled to habeas corpus relief.

In considering the threshold issue of exhaustion and procedural bypass, only issues raised and ruled upon in the first PCR and raised thereafter again in the petition for a writ of certiorari to the South Carolina Supreme Court are available for review here on the merits.  The failure to raise a claim in the first state post-conviction petition as required by state law provides an adequate state procedural ground for denying federal habeas corpus relief.  See, Murch v. Mottram, 409 U.S. 41, 93 S.Ct. 71, 34 L.Ed.2d 194 (1972); Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990), cert. denied, 499 U.S. 982, 111 S.Ct. 1639, 113 L.Ed.2d 734 (1991); Waye v. Murray, 884 F.2d 765 (4th Cir. 1989); Titcomb v. Virginia, 869 F.2d 780 (4th Cir.), cert. denied, 493 U.S. 843, 110 S.Ct. 133, 107 L.Ed.2d 93 (1989); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir.), cert. denied,

14

485 U.S. 1000, 108 S.Ct. 1459, 99 L.Ed.2d 690 (1988). Similarly, the failure to appeal or to assert a claim in an appeal taken from the denial of the first state post-conviction petition, as required by state law, bars federal review absent cause and prejudice. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); see, Whitley v. Bair, 802 F.2d 1487 (4th Cir. 1986), cert. denied, 480 U.S. 951, 107 S.Ct. 1618, 94 L.Ed.2d 802 (1987).

Petitioner's second PCR was dismissed as an improper successive application. That ruling provides an adequate and independent state law ground to uphold the conviction and preclude this court from reaching the merits of any questions presented there. Harris v. Reed, 489 U.S. 255 (1989); Coleman v. Thompson, 501 U.S. 722, 735 (1991). Similarly, raising a claim for the first time in a discretionary petition to state appellate court, here, the state habeas corpus petition, is insufficient to fairly present that claim to the state courts for purposes of exhaustion and thus avoid the procedural bar. See, Castille v. Peoples, 489 U.S. 346 (1989).

Here, Petitioner has procedurally defaulted his first ground:

> "Ground One: Direct Appeal Violation, Violation of 14th Amendment Due Process Clause: Supporting Facts: Petitioner was denied his right to a criminal direct appeal where the trial judge and/or his criminal defense attorney failed to advise him of the right. More, in the second

15

> application for post-conviction relief; he asserts
> the denial of the fundamental right and more or
> less request the belated criminal direct appeal
> because the record does not show where he waived
> his right at all."

Petitioner did not raise this challenge in any manner, nor did

the PCR court consider this matter, so that the ground was

defaulted at the PCR level.  It was not raised in the petition

for a writ of certiorari from the denial of PCR relief.

Petitioner cannot properly raise it in the instant petition under

the ADEPA's exhaustion requirement.

> Petitioner's second ground is exhausted in part:

> > "Ground Two: Denied the Actual Effective
> > Assistance of Criminal Defense Attorney, Violation
> > of 6th & 14th Amendments and Brady Rule:
> > Supporting Facts: ... Petitioner's trial lawyer
> > failed to investigate his case as a matter of law
> > and/or fact. The record does not show where trial
> > counsel conducted an appropriate pre-trial
> > discovery. Trial counsel failed to investigate how
> > the S.C. Criminal statute conflicts and
> > contradicts the South Carolina Constitutional law.
> > He further failed to investigate the facts;
> > specifically, those facts which were raised by the
> > alleged victim that petitioner had a co-defendant
> > or accomplis [sic]. He also failed to request a
> > mental evaluation and failed also to challenge
> > and/or investigate the voluntariness of
> > petitioner's statement which is a direct violation
> > of the 5th U.S. Constitutional Amendment."

The PCR court did not rule on whether there was a conflict

between the criminal statutes and the state constitution and the

petitioner did not move before the PCR court for a ruling on this

ground.  It was at that juncture that he procedurally defaulted

the question.  Petitioner did exhaust his remaining "Ground Two"

16

claim in PCR and they were presented to the South Carolina
Supreme Court in his petition for a writ of certiorari, so they
are ready for review.

Petitioner's third ground for relief is defaulted.

> "Ground Three: Denied Due Process of Law
> [violation of 14 th U.S. Constitutional
> Amendment]: Supporting Facts: § 16-3-655 (2) of
> the S.C. Code makes the age of 14 an essential
> element of the offense. § 16-3-655(2) is in
> conflict and represents a contradiction to the
> S.C. Constitution - Article III. § 33.  Article
> III. § 33 of the S.C. Constitution creates a
> liberty interest for the petition to be free from
> unconstitutional punishment regarding the CSC 2d
> offense."

As explained above, the Petitioner's contention was never
ruled on by the PCR court or the South Carolina Supreme Court,
whether couched in terms of due process or ineffective assistance
of counsel.  Therefore, the court cannot address the merits[2] of
this claim.

It appears the petitioner's fourth ground is merely another
way of challenging his attorney's handling of discovery before
his guilty plea.

> "Ground Four: Violation of Brady Rule.
> Supporting Facts: At no time at all, has this
> petitioner received the Brady Rule; A.K.A. Motion
> of Discovery/Rule 5 from or about June 12, 2002;
> until the time as of the filing of this Writ of

---

[2] This question is purely one of the interpretation of state
law and 28 U.S.C. § 2254(d)(1) indicates that habeas relief
cannot be granted unless the claim is based upon an improper
application of federal law.  See, Estelle v. McGuire, 502 U.S.
62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

17

> Habeas Corpus.  This shows ineffective assistance
> of counsel and in violation of Brady Rule &
> violation of Due Process Clause of the 14th U.S.
> Constitutional Amendment."

This ground is subsumed in ground two and has been exhausted.

Therefore, in summary, the court may reach only the ineffective assistance of counsel grounds on the merits; the remaining grounds are procedurally defaulted.  Further, Petitioner has not demonstrated cause for his default and an assertion of actual innocence would not be credible based on this record where Petitioner repeatedly confessed to the crime.

## INEFFECTIVE ASSISTANCE OF COUNSEL LAW

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution.  McMann v. Richardson, 397 U.S. 759, 771 n. 14 (1970).  In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth a  two prong test to be used in evaluating claims of ineffective assistance of counsel.  To meet the first prong, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness."  Strickland, at 688.  "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."  Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986).  To meet the

18

second prong of the inquiry, a prisoner must show that he was prejudiced by the alleged ineffectiveness.

However, where the petitioner has entered a plea of guilty, as here, ineffective assistance of counsel claims may be asserted only in limited circumstances. A guilty plea generally precludes the petitioner from challenging defects in the process which occurred prior to the plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in Strickland. Tollett v. Henderson, 411 U.S. 258, 267 (1973). When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance. Hill v. Lockhart, 474 U.S. 52, 56 (1985).

In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent, i.e., the first prong of the Strickland test. Under this prong, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. The prejudice prong of the Strickland test is modified and the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

The PCR court reviewed the record and relied upon and
properly applied the Strickland v. Washington and Hill v.
Lockhart standards to Petitioner's claims of ineffective
assistance of counsel. (App.134). The PCR court found that
Petitioner's PCR testimony was not credible, but that of trial
counsel was credible. The PCR court properly applied Boykin v.
Alabama, 395 U.S. 238 (1969) and found that petitioner had
entered a valid guilty plea based on the plea colloquy and
Petitioner's repeated admissions that he committed the crime,
including his admission at the PCR hearing itself. (App. pp. 37-
39). The court correctly applied Blackledge v. Allison, 431 U.S.
63 (1977), to find that Petitioner's statements at the plea that
he was satisfied with his lawyer's representation foreclosed his
PCR challenges.

The PCR judge went even further and correctly applied
Strickland to each specific challenge. In regard to discovery,
the PCR judge found persuasive counsel's testimony that he
received discovery and that he reviewed discovery with
Petitioner. (App. pp. 106-107). At the hearing, counsel was able
to refer to records in his file that indicated that discovery was
received "on or about August the 8th, 2002." (App. p. 92).
Further counsel testified that he would have discussed the
discovery with Petitioner at their second meeting. (App. p. 92).
The record fully supports the judge's findings that counsel

20

received and reviewed the discovery in the case, and his findings of fact are reasonable.

In regard to challenging Petitioner's confession, the PCR judge found that Petitioner repeatedly admitted to having committed the actual crime. (App. p. 107). Counsel testified at the hearing that Petitioner admitted guilt to him at their very first meeting. (App. p. 91). Further, counsel testified that he received discovery from the state and "would have discussed his statements with him," and coercion was a "non-issue" in light of Petitioner's repeated and consistent admissions of guilt. (App. pp. 92-93). The record well supports the PCR judge's determination that no error was committed in regard to Petitioner's complaint that counsel should have challenged his confession.

In regard to the allegation counsel should have requested a mental evaluation, the PCR judge found that Petitioner admitted, at the PCR hearing, that he had not been incompetent when he committed the crime or incompetent to assist in his defense; therefore, counsel did not err in not pressing for a mental evaluation. (App. p. 107). In fact, Petitioner testified, "I do not believe I was incompetent" but he should have been evaluated because "[i]t is a rule, kind of like anybody who is charged with a crime like I was charged with, they supposed to have a, should

21

I say a mental evaluation." (App. p. 76, line 19 - p. 77, line 6). The PCR judge's finding is well supported by the facts of record, as is his legal conclusion that no error occurred.

In sum, the state court adjudication of the ineffective assistance of counsel claims was not based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. Further it did not result in a decision that was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Petitioner is not entitled to relief.

**CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that the respondents' motion for summary judgment be granted, all other motions be deemed moot, and this matter ended.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
September 26, 2006

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
The ***Serious Consequences*** of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must** *specifically identify* **the portions of the Report and Recommendation to which objections are made** *and* **the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

23