IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| James Clarence Hughes, III, 3291383, | ) | C/A NO. 2:06-336-CMC-RSC |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| State of South Carolina; and | ) | |
| Henry McMaster, Attorney General for | ) | |
| South Carolina; and Warden, Ridgeland | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for habeas corpus relief pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Robert S. Carr for pre-trial proceedings and a Report and Recommendation. On September 26, 2006, the Magistrate Judge issued a Report recommending that Respondents' motion for summary judgment be granted and the petition be denied. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Petitioner filed objections to the Report on October 11, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the

recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and the objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order except for a modification of the Magistrate's recommendation relating to Petitioner's third ground for relief.

The Magistrate Judge concluded that Petitioner's third ground for relief was defaulted because "the Petitioner's contention was never ruled on by the [post-conviction relief] court or the South Carolina Supreme Court, whether couched in terms of due process or ineffective assistance of counsel. Therefore, the court cannot address the merits of this claim." Report and Recommendation at 17 (Dkt. #28, filed Sept. 26, 2006).

A petitioner exhausts his state remedies by fairly presenting his federal constitutional claim to the state courts. *See Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994). The fact that the state court does not rule on the merits of a claim does not mean it is unexhausted. *See Smith v. Digmon*, 434 U.S. 332, 333 (1978) (per curiam) (holding that exhaustion not premised on whether the state court considers the merits of a claim that has been fairly presented to it).

Petitioner's first state post-conviction relief action (PCR 1) did not include any allegation similar to the third claim of the current § 2254 petition. *See* Appendix to Respondents' Return (hereinafter "App.") at 41-46 (Dkt. #12, filed May 19, 2006). Nor was a similar claim included in any written amendments thereto. *See* App. at 48-59. At the evidentiary hearing on PCR1, Petitioner was questioned by his PCR1 counsel:

2

> [PCR1 counsel]: And finally, Mr. Hughes, let me ask you about and I may not phrase this correctly, but you have a constitutional argument you want to make to the Court?
>
> [Petitioner]: That is correct.
>
> [Counsel]: All right tell the court what your constitutional argument is[.]

App. at 86. Petitioner proceeded to argue that the provision of the state penal code under which he was convicted "contradicts the South Carolina Constitution . . . ." App. at 86-87.

In its order denying relief, the PCR1 court held that "this court finds and concludes the Applicant has not established any constitutional violations or deprivations requiring this court to grant his application." App. at 108. In Petitioner's *pro se* Petition for Writ of Certiorari to the South Carolina Supreme Court,[1] Petitioner indicates that the alleged error of the PCR1 court was that "the order of dismissal [did] not . . . address Petitioner's *State* Constitutional Claim." App. at Tab 4 (Dkt. #12, filed May 19, 2006) (emphasis added). In his § 2254 petition, Petitioner contends that this alleged contradiction between state statutory law and the cited South Carolina constitutional provision is a violation of the Due Process Clause of the Fourteenth Amendment. *See* Petition at 9 (Dkt. #1, filed Feb. 2, 2006).

Petitioner's allegation in PCR1 "failed to 'apprise the state court of his claim that the . . . ruling of which he complained was not only a violation of state law, but denied him the due process of law guaranteed by the Fourteenth Amendment.'" *Dye v. Hofbauer*, 546 U.S. 1, ___, 126 S. Ct. 5, 7 (2005) (quoting *Duncan v. Henry*, 513 U.S. 364, 366 (1995) (per curiam). The state courts must be given the "'opportunity to pass upon and correct alleged violations of its prisoners' federal

---

[1] Petitioner was represented by counsel, but PCR1 appellate counsel had filed a brief with the court pursuant to *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988), and had moved to be relieved as counsel. The *Johnson* case applies the procedures outlined in *Anders v. California*, 386 U.S. 738 (1967), to petitions for writ of certiorari of orders in South Carolina post-conviction relief cases.

3

rights.'" *Duncan*, *supra*, 513 U.S. at 365 (quoting *Picard v. Conner*, 404 U.S. 270, 275 (1971)). Therefore, albeit for a slightly different reason than that indicated by the Magistrate Judge, the court finds Petitioner's third ground for relief in his § 2254 petition is procedurally defaulted due to his failure to "fairly present" this claim to the state courts prior to its inclusion in this § 2254 petition.[2]

Respondents' motion for summary judgment is **granted**. The petition is denied and dismissed with prejudice.[3]

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 20, 2006

C:\Documents and Settings\Guest\Local Settings\Temp\notesE1EF34\06-336 Hughes v. SC e adopt rr gr motion for sumjgm.wpd

---

[2] If the court were to address the substance of Petitioner's contention, it would find that Petitioner's claim is without merit. Petitioner has presented no viable legal argument as to how this alleged conflict between the South Carolina Code and the Constitution of South Carolina is a federal Due Process violation.

[3] All other pending motions are **moot**.

4